IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DONALD NEWELL,

                                          OPINION AND ORDER

           Plaintiff,

                                          18-cv-852-bbc

    v.

MICHAEL MEISNER,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Donald Newell is incarcerated at the Redgranite Correctional Institution. He filed this proposed civil action under 42 U.S.C. § 1983, challenging the validity of his 2007 conviction for sexual assault and the conditions of his supervised release. Because plaintiff is incarcerated, his complaint must be screened under 28 U.S.C. § 1915A. After reviewing the complaint, I conclude that plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted.

OPINION

Plaintiff points to several errors in his criminal trial and alleges that the rules of supervision that he was asked to sign as a condition of his release are unconstitutional. However, plaintiff cannot bring any claim challenging any conviction or sentence in an

1

action under 42 U.S.C. § 1983 unless he has prevailed in a habeas corpus proceeding challenging the conviction or sentence. Heck v. Humphrey, 512 U.S. 477, 487 (1994); Williams v. Wisconsin, 336 F.3d 576, 579-80 (7th Cir. 2003) (citing Drollinger v. Milligan, 552 F.2d 1220 (7th Cir. 1977)). Although plaintiff has filed four petitions for a writ of habeas corpus in this court, none of them have been successful. Case no. 09-cv-76-bbc (denying and dismissing petition without prejudice for petitioner's failure to exhaust state court remedies); case no. 10-cv-707-bbc (dismissing petition without prejudice to allow petitioner to exhaust one claim not barred by doctrine of procedural default); case no. 12-cv-432-bbc (denying 24 claims in petition as barred by doctrine of procedural default); case no. 14-cv-448-bbc (denying petition because petitioner's third petition provided him full and fair opportunity to litigate his claims). Therefore, he cannot seek relief under § 1983.

Although it is unlikely that plaintiff would be permitted to file yet another habeas petition, this court cannot convert this action into one for habeas corpus on its own motion. The Court of Appeals for the Seventh Circuit has held that "[w]hen a plaintiff files a § 1983 action that cannot be resolved without inquiring into the validity of confinement, the court should dismiss the suit without prejudice" rather than convert it into a petition for habeas corpus. Copus v. City of Edgerton, 96 F.3d 1038, 1039 (7th Cir. 1996) (citing Heck, 512 U.S. 477). Therefore, plaintiff's claims will be dismissed without prejudice.

Because plaintiff's complaint fails to state any claim upon which relief may be granted, I will direct the clerk of court to record a strike against plaintiff under 28 U.S.C. § 1915(g).

Turley v. Gaetz, 625 F.3d 1005, 1009 (7th Cir. 2010) (plaintiff incurs strike when entire action is dismissed as frivolous, malicious or for failure to state claim); Moore v. Pemberton, 110 F.3d 22, 24 (7th Cir. 1997) (complaint that is barred by Heck counts as strike under 28 U.S.C. § 1915(g)).

ORDER

IT IS ORDERED that plaintiff Donald Newell's claims challenging his conviction and the terms of his supervised release are DISMISSED WITHOUT PREJUDICE under Heck v. Humphrey, 512 U.S. 477, 487 (1994). A strike shall be recorded in accordance with 28 U.S.C. § 1915(g). The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered this 8th day of November, 2018.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge